IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**LUIS GINES-PEREZ,**<br>Defendant. | Criminal No. 98-164(DRD)<br><br>*Received & filed*<br>*October 3, 2005  3:00 P.M.*<br>*DF* |

## SENTENCING AGREEMENT

TO THE HONORABLE COURT:

COMES NOW the United States of America, by and through its attorneys, H.S. Garcia, United States Attorney for the District of Puerto Rico, Sonia I. Torres, Assistant U.S. Attorney, Chief, Criminal Division, and Edwin O. Vázquez-Berríos, Assistant United States Attorney, Deputy Chief, Criminal Division for said district and the defendant, Luis Gines-Perez, and the defendant's counsel, Steven M. Potolsky, Esq., and state to this Honorable Court, that they have reached an agreement under Fed. R. Crim. P. 11(c)(1)(C), the terms and conditions of which are as follows:

1. On March 18, 2004, the Court of Appeals for the First Circuit remanded the instant criminal case for further proceedings while jurisdiction over the appeal was retained. The remand was made with the understanding that the appeal will be dismissed should the court vacate or modify the judgment of conviction from which Gines-Perez appealed. See, United States v. Gines-Perez, 2004 WL 528426 (1st Cir.(Puerto Rico)).

2. The essence of this agreement is to request this Court to modify the original judgment in the instant case and for the defendant to request the dismissal with prejudice of the pending appeal No. 02-2707 under the following terms and conditions:

**AGREEMENT**
United States v. Luis Gines-Perez,
Criminal No. 98-164 (DRD)
Page 2

a. The modification of the original judgment is to the effect that defendant Gines-Perez be sentenced to a term of imprisonment of 132 months in lieu of the 228 months originally imposed. The remaining parts of the original judgment as to the Supervised Release Term, the Special Monetary Assessment and Fine will not be disturbed and will be made part of the new judgment.

b. Upon the acceptance of this agreement and the modification of the judgment in accordance with the above-mentioned terms, defendant Gines-Perez will immediately request the dismissal with prejudice of appeal No. 02-2707, which is still pending before the Court of Appeals for the First Circuit.

c. The parties agree that the new sentence will be structured by applying to the counts of convictions Counts One, Three and Five, the following advisory sentencing guidelines:

1. BASE OFFENSE LEVEL: Based on the stipulated amount of controlled substances, that is, more than 5 kilograms but less than 15 kilograms of cocaine, a Schedule II Narcotic Controlled Substance and more than 1 kilogram but less than 3 kilograms of heroin, a Schedule I Narcotic Controlled Substance, the Base Offense Level shall be LEVEL THIRTY-TWO (32), pursuant to the Drug Quantity Table in U.S.S.G. § 2D1.1(c).

2. ACCEPTANCE OF RESPONSIBILITY: The Base Offense Level shall be reduced by two (2) levels, pursuant to U.S.S.G. § 3E1.1(a).

3. TOTAL OFFENSE LEVEL: Based on the guideline sentencing factors listed above, the TOTAL OFFENSE LEVEL shall be THIRTY (30).

4. Therefore, the applicable sentencing guidelines range is 121-151 months since defendant's Criminal History Category is III.

**AGREEMENT**
United States v. Luis Gines-Perez,
Criminal No. 98-164 (DRD)
Page 3

3. The parties will request that defendant Gines-Perez be sentence to 132 months. This request is made pursuant to Fed. R. Crim. P. 11(c)(1)(C).

4. Defendant Gines-Perez understands that this Court has not jurisdiction to alter the consecutive sentence imposed in Criminal Case 96-151 (CCC) and agrees not seek or request a concurrent sentence from this Court.

5. Further, in exchange for the terms and conditions of this agreement the defendant agrees that if this Honorable Court accepts this agreement and sentences him according to its terms and conditions, defendant waives and surrenders his right to appeal his conviction and sentence in the instant case. Further, defendant agrees to waive any claim, issue, ground or basis that existed at the time of the re-sentencing hearing that could be used to collaterally attack the conviction and sentence in the instant case pursuant to Title 28, United States Code, Section 2255, including a claim of ineffective assistance of trial and appellate counsel. However, defendant Gines-Perez reserves his right to challenge the sentence and conviction on new legal grounds based on new legislation or case law enacted, adopted or issued after re-sentencing.

6. Defendant Gines-Perez is aware that it has been decided that a defendant must be present at a resentencing hearing only where the sentence is made more onerous See, United States v. Mercedes-Mercedes, 851 F.2d 529, 531(1st Cir. 1988)(citing Rust v. United States, 725 F.2d 1153, 1154 (8th Cir.1984) ("Under Fed.R.Crim.P. 43, a defendant must be present only where the sentence is made more onerous, or the entire sentence is set aside and the cause remanded for resentencing.") Upon consultation with his counsel and since the requested modification makes the sentence less onerous, defendant Gines-Perez is voluntarily waiving his presence at the resentencing hearing to be scheduled pursuant to this agreement.

AGREEMENT
United States v. Luis Gines-Perez,
Criminal No. 98-164 (DRD)
Page 4

7. The defendant acknowledges that no threats, coercion or wrongful inducement have been made against him in order for him to enter in this agreement and that he is freely and voluntarily signing the same.

8. This agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant; it does not bind any other federal district, state or local authorities. Further, the parties has agreed that this sentencing agreement modified the plea agreement entered by the parties and filed on August 30, 2002 (Docket No. 529) and in the event of discrepancy between both agreements, the Sentencing Agreement will prevail.

9. This written agreement constitutes the complete Sentencing Agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or representations except as set forth in writing in this agreement and deny the existence of any other term and conditions not stated herein.

10. No other promises, terms or conditions will be entered unless in writing and signed by all parties.

H. S. GARCIA
United States Attorney

_____
Sonia I. Torres
Assistant U.S. Attorney
Chief, Criminal Division
Dated: 9/12/05

_____
Edwin O. Vázquez-Berríos
Assistant U.S. Attorney
Dated: 9/12/05

_____
Steven M. Potolsky, Esq.
Counsel for Defendant
Dated: 9/2/05

_____
Luis Gines-Perez
Defendant
Dated: 8/22/05

**AGREEMENT**
United States v. Luis Gines-Perez,
Criminal No. 98-164 (DRD)
Page 5

I have consulted with my counsel and fully understand all of my rights with respect to the pending appeal and the legal consequences of dismissing the same. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of Title 28, United States Code, Section 2255 which may apply in my case. I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand this agreement and am entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of the dismissal of the pending appeal, the waiving of my appeal rights and presence at the resesentecing and the signing of this Agreement.

Date: 8/22/05

_____
Luis Gines-Perez
Defendant

I am the attorney for the defendant. I have fully explained to the defendant his rights with respect to the pending appeal and the legal consequences of dismissing the same. Further, I have reviewed the provisions of Title 28, United States Code, Section 2255 and I have fully explained to the defendant the provisions which may apply in this case. I have carefully reviewed every part this Agreement with the defendant. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of the dismissal of the pending appeal, the waiving of his appeal rights and presence at the resesentecing and the signing of this Agreement.

Date: 9/2/05

_____
Steven M. Potolsky, Esq.
Counsel for Defendant